IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONTY INTERNATIONAL, LTD, ET AL.   *
                                                         *
                                                         *
      v.                                 *       Civil No. – JFM-12-2515
                                                         *
TECORE NETWORKS, INC., ET AL.    *
                                                   ******

## MEMORANDUM

Monty International, LTD and Monty Holdings S.A.L. have brought this action against various defendants. Plaintiffs' claims arise from the fact that they allegedly are due $1,234,945.03 under a contract they entered into with one of the defendants, Somafone FZ-LLC for the supply of certain telecommunication services. Two defendants, Tecore Networks, Inc. and Jay Salkini have filed a motion to dismiss or for summary judgment. The motions will be treated as ones to dismiss, and this action will be dismissed for lack of subject matter jurisdiction.

Plaintiffs are registered in the Republic of Seychelles, Beirut, Lebanon. Plaintiffs allege in their complaint that they have offices in Beirut and Dearborn, Michigan. The contract between Somafone and Monty Holdings S.A.L. states that Monty Holding's "head office" is at the Irish Embassy building, Leonardo Da Vinci Street, Verdun, Beirut, Lebanon. Somafone is alleged to be registered in the United Arab Emirates with offices in Dubai. Tecore is alleged to be a Maryland corporation with offices in Columbia, Maryland. Salkini is alleged in reside in Columbia, Maryland and he has allegedly held himself out as chief executive officer of Tecore and chairman of Somafone.

Although no specific facts are alleged to establish alter ego status, all of the defendants are alleged to have breached the contract. The defendants likewise are alleged to have fraudulently induced plaintiffs to enter into the contract with Somafone and to provide the contracted services by "falsely promising that they would be paid in full; all the while Defendants never had any intention of making payments to Plaintiffs for services performed under the Supply Contract." Complaint, ¶ 43.

Plaintiffs have invoked this court's diversity jurisdiction. 28 U.S.C. § 1332(a)(2)—which confers subject matter jurisdiction in federal district courts over a "matter in controversy . . . [that] is between citizens of a State and citizens or subjects of a foreign state"—has been interpreted as not creating jurisdiction where the party, or all the parties, on one side of the controversy are citizens of a foreign state and where there is a mixture of citizens of a foreign state and citizens of the United States on the other side. *See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993). Plaintiffs contend that diversity jurisdiction nevertheless exists in this case because the allegation that they have offices in Dearborn, Michigan is sufficient to establish that Michigan is the "nerve center" of their business, i.e. "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). They have not, however, presented any evidence—or, indeed, made any factual allegations—to support this conclusory argument and, at least as to Monty Holdings S.A.L., the statement in its contract with Somafone contradicts the assertion. Because Somafone is also a foreign corporation, diversity jurisdiction thus does not exist.[1]

---

[1] There also appears to be a dispute as to whether another one of the defendants should be deemed to be a citizen of a foreign state for purposes of §1332(a) analysis. Plaintiffs allege that defendant Abdullahi Al Hussein resides in Maryland. Tecore and Salkina have submitted an

2

I have considered whether the jurisdictional defect could be cured by dropping Somafone as a defendant.  *See Caribbean Telecomms. Ltd. v. Guy Tel. & Tel. Co.*, 594 F. Supp. 2d 522, 532 (D.N.J. 2009).  I have concluded, however, that dropping Somafone as a defendant—either through a motion to dismiss filed by Somafone[2] or through a voluntary dismissal by the plaintiffs—would not cure the jurisdictional defects because "in equity and good conscience, the action should [not] proceed" without Somafone remaining as a party.  *See* Fed. R. Civ. P. 19(b).  At the core of this law suit is the question of whether Somafone has wrongfully failed to pay Monty Holdings, S.A.L. under the contract.  Each of plaintiffs' other claims flow from the alleged wrongful non-payment.  Resolution of this question is thus the starting point for any resolution of the other claims.[3]

A separate order dismissing this action for lack of subject matter jurisdiction is being entered herewith.

Date:  February 14, 2013            \_\_\_\_/s/_____
                                    J. Frederick Motz
                                    United States District Judge

---

affidavit of Stephen Hayes stating that Al Hussein is a resident of the United Arab Emirates.  For purposes of this memorandum, I am assuming that Al Hussein is a resident of Maryland.

[2] It appears from the present record that Somafone is not subject to personal jurisdiction in Maryland.  Even if Somafone consented to personal jurisdiction, however, this court would nevertheless lack subject matter jurisdiction over this action because this would still be a controversy where "one side of the litigation had *only* foreign parties and the other had a mixture of foreign and domestic parties."  *Allendale*, 10 F.3d at 428 (emphasis in original).

[3] Although I have considered plaintiff's argument that requiring this suit to proceed in a jurisdiction where Somafone is subject to suit, perhaps Lebanon, would pose difficulty for plaintiffs because the other defendants probably would not be subject to suit in any such jurisdiction, the solution to that difficulty lies in plaintiffs obtaining a judgment against Somafone (if plaintiffs are correct on the merits) and then seeking relief from the other defendants.